```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

DARNELL WILLIAMS,                   :

    Plaintiff,                      :

vs.                                 :   CIVIL ACTION 05-0014-CG-M

DARIEN ABRAMS, et al.,              :

    Defendants.                     :


## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Docs. 1, 5, 9).  This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After consideration of the pleadings, and for the reasons set forth below, it is recommended that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court has reviewed Plaintiff's Complaint under 28 U.S.C. §

1915(e)(2)(B).[1]  A complaint may be dismissed under § 1915(e)(2)(B)(i) as "frivolous" where "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327; the claim seeks to enforce a right which clearly does not exist, id.; or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, or collateral estoppel.  Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  A claim whose factual contentions are clearly baseless is also frivolous, such as those describing fantastic or delusional scenarios.  Neitzke, 490 U.S. at 327-28.

Judges are accorded "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d). Although Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(e)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered.  See Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

The Eleventh Circuit has recognized that "frivolous suits 'unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense.'"  Williams v. Secretary for Dep't of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005) (quoting Phillips v. Mashburn, 746 F.2d 782, 784-85 (11th Cir. 1984) (per curiam) (discussing 28 U.S.C. § 1915(d), which is the precursor to 28 U.S.C. § 1915(e)).

Under § 1915(e)(2)(B)(ii), a complaint also may be dismissed for failure to state a claim upon which relief may be granted; however, a court may dismiss on this ground "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

If the Court determines that the action is frivolous or fails to state a claim on which relief may be granted, the case may be dismissed "at any time."  28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

For purposes of this analysis, the Court assumes as true the allegations in Plaintiff's Complaint.  On January 7, 2005, Plaintiff filed a complaint under 42 U.S.C. § 1983 against

Defendants, Darien Abrams and Mobile Police Detective Ben Kinsey, arising out of an incident in April, 2003, when Plaintiff was shot by Darien Abrams while attempting to steal Abram's car. (Complaint, Doc. 1 at 4). Plaintiff complains that, although he "was wrong" for breaking into Abrams' car, Abrams should not have taken the law into his own hands. (Id.). Plaintiff further alleges that he asked Detective Kinsey "can I do something about him shooting me," and Kinsey advised Plaintiff that he could not because Abrams had a license for his gun. (Id.). Plaintiff was convicted of attempted first degree theft in February, 2004, and sentenced to fifteen years. (Id. at 6).

On January 18, 2005, the Court ordered Plaintiff to sign and re-file his Complaint. (Doc. 3). Plaintiff signed and returned the Complaint on February 11, 2005, seeking "a little money" and his "freedom." (Doc. 5 at 4). Having considered Plaintiff's Complaint in its entirety, the Court finds that Plaintiff's allegations are frivolous and fail to establish any claim for which relief could be granted.

    A. <u>Plaintiff's Claim Against Darien Abrams</u>

Plaintiff has named Darien Abrams as a defendant in this action. However, Plaintiff does not allege that Abrams acted under color of state law.

4

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) that the defendant deprived him "of a right secured under the Constitution or federal law and (2) that the deprivation occurred under color of state law." <u>Willis v. University Health Servs., Inc.</u>, 993 F.2d 837, 840 (11th Cir. 1993).

> Previously, this circuit set forth the three primary tests the Supreme Court has used to determine whether state action exists: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. <u>National Broadcasting Co., Inc. v. Communications Workers of America, AFL-CIO</u>, 860 F.2d 1022, 1026 (11th Cir. 1988). The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." <u>NBC</u>, 860 F.2d at 1026 (citations omitted). The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." <u>NBC</u>, 860 F.2d at 1026 (citations omitted). The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." <u>NBC</u>, 860 F.2d at 1026-27 (citations omitted). We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim.

<u>Willis</u>, 993 F.2d at 840.

From the allegations contained in Plaintiff's Complaint,

5

Defendant Abrams does not appear to be a typical state actor. To the contrary, Plaintiff's allegations indicate that Abrams is a private citizen who shot Plaintiff while Plaintiff attempted to steal his car. (Doc. 5 at 4). In addition, there are no allegations that, as a private actor, Abrams performed a traditional state function, that Abrams was coerced into action by the State, or that Abrams was a joint participant with the State in their business.

Because Plaintiff does not even allege a deprivation by Defendant Abrams that occurred under color of state law, the Court concludes that Plaintiff's § 1983 claim against Defendant Abrams "lacks an arguable basis in law" and is, therefore, frivolous. See Neitzke, 490 U.S. at 325. Moreover, because § 1983 relief could not be granted under any set of facts that could be proved consistent with Plaintiff's allegations against Defendant Abrams, the Court further concludes that Plaintiff's Complaint against Abrams fails to state a claim upon which relief can be granted. See Hishon, 467 U.S. at 73.

B. Plaintiff's Claim Against Ben Kinsey

The legal theory asserted by Plaintiff against Defendant Kinsey is unclear. From the Complaint, it appears that

Plaintiff is seeking redress against Detective Kinsey for Kinsey giving him bad legal advice. Plaintiff states that he asked Detective Kinsey, "can I do something about [Abrams] shooting me," and Kinsey replied "no," because Abrams had a license for his gun.  (Doc. 5 at 4).

In order to state a claim under § 1983, a plaintiff must be deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States."  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Plaintiff has offered no theory as to how Detective Kinsey's statement, even if ill advised, deprived him of a right secured under the Constitution or federal law.

Where, as here, the Court "determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless," it may dismiss the complaint.  Williams, 131 Fed. Appx. at 686 (quoting Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).  Having considered the factual allegations asserted against Detective Kinsey in Plaintiff's Complaint, the Court is unable to discern any cognizable legal theory by which Plaintiff

could recover under § 1983.  Therefore, the Court concludes that Plaintiff's claim against Detective Kinsey is due to be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

    C.   Plaintiff's Request for his "Freedom"

Even if Plaintiff's Complaint stated a claim against Defendants Abrams or Kinsey, which it does not, Plaintiff's request for his "freedom" is not a cognizable claim in a § 1983 action.  A claim for injunctive or declaratory relief in a § 1983 action, where a plaintiff challenges the fact or duration of his confinement and seeks his immediate or speedier release, is not cognizable in a § 1983 action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Id. (quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994)).  "[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims--i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release--are simply not cognizable under § 1983." Id.  Therefore, Plaintiff's claim for injunctive relief in this action, *i.e.*,

his request for "freedom," lacks an arguable basis in law and is, therefore, frivolous and fails to state a claim upon which relief may be granted.

## CONCLUSION

Based upon the foregoing, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is

established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript (applicable where proceedings tape recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 21st day of November, 2005.

s/BERT W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE